[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12867

Non-Argument Calendar

_____

JACQUES A. DURR, M.D.,

Plaintiff-Appellant,

versus

SECRETARY OF THE DEPARTMENT OF VETERANS
AFFAIRS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:17-cv-03045-JSM-AEP

_____

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Jacques Durr appeals the district court's entry of summary judgment in favor of the Department of Veteran Affairs on his claims that the VA retaliated against him because of his prior protected activity and discriminated against him on the basis of age and sex, in violation of Title VII of the Civil Rights Act of 1964, and the Age and Discrimination in Employment Act. On appeal, Durr asserts that, despite recent decisions by both this Court and the Supreme Court—including in the prior appeal of this case—the *McDonnell Douglas*[1] framework still applies to his claims and establishes liability. Durr also contends that the district court erred by finding that he failed to raise a genuine dispute of material fact as to his claims.

## I

We review de novo the application of the law-of-the-case doctrine. *Ash v. Tyson Foods, Inc.*, 664 F.3d 883, 891 (11th Cir. 2011). The law-of-the-case doctrine prevents parties from relitigating issues that we decided either explicitly or by necessary implication earlier in the case. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1291 (11th Cir. 2005). Under this doctrine, we and the district court "are bound by findings of fact and conclusions of

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

law" that we made in an earlier appeal of the case. *Ash*, 664 F.3d at 891. But this doctrine does not apply where: (1) there is new and substantially different evidence from a subsequent trial; (2) controlling authority has since been issued that is contrary to the previous decision; or (3) the previous decision was clearly erroneous and would work a manifest injustice if implemented. *Schiavo*, 403 F.3d at 1292.

In the prior appeal in this case, we vacated and remanded the district court's summary judgment order in light of the Supreme Court's decision in *Babb v. Wilkie*, 140 S. Ct. 1168 (2020), and our decision in *Babb v. Sec'y, Dep't of Veterans Affs.*, 992 F.3d 1193 (2021). *Durr v. Sec'y, Dep't of Veterans Affs.*, 843 F. App'x 246, 247 (11th Cir. 2021). We noted that, following those decisions, a plaintiff suing under the federal-sector provision of Title VII is no longer required to show that his protected characteristic was the but-for cause of an adverse action; rather, he need only show that discrimination played any part in the way the decision was made. *Id.* at 247. Because the *McDonnell Douglas* framework and the "convincing mosaic" test are methods used to show that a protected characteristic was the but-for cause of the ultimate decision, we held that they "no longer apply" to cases brought under the federal-sector provision of Title VII. *Id.*

Here, the law-of-the-case doctrine applies to exclude the use of the *McDonnell Douglas* framework to establish liability because we are bound by our holding in the prior appeal in this case that, in light of the Supreme Court's and our decisions in *Babb*, the

*McDonnell Douglas* framework "no longer appl[ies]" to cases brought under the federal-sector provision of Title VII, such as the claims Durr raises.

## II

A district court's grant or denial of summary judgment is reviewed de novo. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002).

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact and compels judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, "an inference based on speculation and conjecture is not reasonable." *Ave. CLO Fund, Ltd., et al. v. Bank of Am., N.A.*, 723 F.3d 1287, 1294 (11th Cir. 2013) (quotation marks omitted). And a "mere scintilla of evidence" supporting the nonmoving party's position will not suffice to defeat summary judgment. *Brooks v. Cnty. Comm'n of Jefferson Cnty.*, 446 F.3d 1160, 1162 (11th Cir. 2006) (quotation marks omitted). Normally, discredited testimony is not considered a sufficient basis for drawing a conclusion contrary to that testimony; instead, to defeat a properly supported motion for summary judgment the plaintiff must present affirmative evidence sufficient for a jury to return a verdict in his favor. *Anderson*, 477 U.S. at 256-57.

Under Title VII's federal-sector provision, "[a]ll personnel actions affecting employees . . . in executive agencies . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). The ADEA has a similar federal-sector provision, which provides that personnel actions affecting agency employees aged 40 years or older shall be made free from any "discrimination based on age." 29 U.S.C. § 633a(a). Personnel actions include most employment-related decisions, such as appointments, promotions, work assignments, compensation, and performance reviews. *Babb*, 140 S. Ct. at 1172-73. Because we "must respect that an employer need not have good cause for its decisions," an employer may act "for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all," as long as it is not an unlawful reason. *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924 (11th Cir. 2018) (cleaned up). If a decisionmaker does not know about an individual's protected conduct, then she cannot act in retaliation based on that conduct. *See Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000).

In *Babb*, the Supreme Court held that the ADEA's federal-sector provision does not require age to be the but-for cause of a personnel action. 140 S. Ct. at 1172-73. Instead, the ADEA "requires proof of but-for causation, but the object of that causation is discrimination, *i.e.*, differential treatment, not the personnel action itself." *Id.* at 1176 (quotation marks omitted). Accordingly, the Supreme Court held, a plaintiff need not show that the challenged

employment decision would have turned out different if age had not been considered; instead, he just has to show that the decision was tainted by differential treatment based on a protected characteristic. *Id.* at 1174. The Supreme Court noted, however, that the failure to show that age was the but-for cause of the ultimate decision could preclude certain types of relief, such as damages, but not other types of "forward-looking" relief, such as an injunction. *Id.* at 1171, 1177-78.

On remand, we held that the Supreme Court's analysis of the federal-sector provision of the ADEA also controlled Title VII's parallel provision, which was not before the Supreme Court, because it was "essentially identical" to the ADEA. *Babb*, 992 F.3d at 1197, 1199-1200. We noted that non-pretextual reasons for an adverse employment decision do not cure the taint of discrimination based on a protected class or conduct in making that decision. *Id.* at 1204. We also clarified that, while the Supreme Court did not explicitly say so, it appeared to conclude that the district court should not have used the *McDonnell Douglas* framework to determine liability. *Id.* at 1204, 1205 n.8.

An abandoned issue can be either waived or forfeited. *United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2022) (en banc) (citing civil cases and noting that jurists interchangeably use the words "waived," "forfeited," and "abandoned"). "[F]orfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right." *Id.* (stating the practical effect is that forfeited issues can be raised

sua sponte in extraordinary circumstances, while waived issues cannot). To avoid forfeiting an issue, an appellant's initial brief must plainly and prominently raise it by devoting a discrete section of his argument to the claim; simply stating that an issue exists, without further argument or discussion, constitutes forfeiture. *See United States v. Montenegro*, 1 F.4th 940, 944 n.3 (11th Cir. 2021).

Here, the district court did not err by finding that Durr failed to raise a genuine dispute of material fact about whether his prior EEO activity, age, or sex was a but-for cause for any differential treatment. As an initial matter, Durr forfeited any challenge to the district court's order denying his motion for partial summary judgment by failing to plainly and prominently raise it on appeal and, instead, requesting that this Court remand for a jury trial. *See id.* But even assuming that Durr hadn't forfeit his challenge, his assertion still fails for several reasons.

First, regarding Durr's argument that his exclusion from the March 2015 certification list was improper differential treatment, he testified that it was evident at Rachelle Seybold's deposition that she was not aware of his prior EEO activity, and he agreed that it would be speculative to say that Seybold retaliated against him by keeping his name off that list or that Dr. Dominique Thuriere told her to do so. Seybold could not have retaliated against Durr based on his protected conduct if she was unaware of it, and his speculation is insufficient to create a genuine dispute of material fact.

Second, regarding Durr's argument that the VA improperly changed the standard hiring procedure and did not hire him, he

failed to present evidence that raised a genuine dispute about whether his prior protected activity was the but-for cause of this differential treatment.

And finally, Durr failed to raise a genuine dispute of material fact regarding his sex and age discrimination claims. He didn't dispute Thuriere's testimony that, since October 2015, she hired four male doctors and one female doctor at the VA, three of whom were in their early sixties or seventies, and the record does not otherwise support a finding that sex or age played a role in Thuriere's decision to select Pearson.

⋆    ⋆    ⋆

For the foregoing reasons, we hold (1) that because this Court, in a prior appeal of this case, held that the *McDonnell Douglas* framework no longer applies to federal-sector cases brought under Title VII or the ADEA, the law-of-the-case doctrine precludes Durr's argument that such framework applies and establishes liability, and (2) that the district court did not err by finding that Durr failed to present a genuine dispute of material fact because he admitted that it was speculative to say that his exclusion from the March 2015 list of candidates was in retaliation for his protected activity, he failed to provide evidence indicating that he was not hired because of his protected activity, and he failed to point to any evidence indicating that the VA treated him differently based on his age or sex. Accordingly, we affirm.

**AFFIRMED.**